UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------x
RAPHAEL ZUCKER,

                Plaintiff,

  -against-

UNITED AIRLINES, INC., UNITED GROUND
EXPRESS, INC., and JOHN DOE CORPORATION

                Defendants.
-----------------------------------------------------------x

**COMPLAINT & JURY TRIAL DEMAND**

Index No.:

The Plaintiff, RAPHAEL ZUCKER, by his attorneys Bohrer & Lukeman, as and for his complaint against Defendants UNITED AIRLINES, INC., UNITED GROUND EXPRESS, INC., and JOHN DOE CORPORATION, alleges the following upon information and belief:

## JURISDICTION AND VENUE

1. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1332, insofar as there exists complete diversity of citizenship of the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. In Personam Jurisdiction is further proper in that the ticket for travel, which forms the basis for Plaintiff's contract of carriage aboard the subject flight was purchased in New Jersey by a resident thereof, the itinerary pursuant to that contract of carriage originated in New Jersey, and the events or omissions giving rise to the claim occurred in New Jersey.

3. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, in that the Plaintiff resides therein, the treatment for the injuries suffered by Plaintiff occurred therein, and the events or omissions giving rise to the claim occurred therein.

## FACTS

4. Plaintiff RAPHAEL ZUCKER ("Plaintiff") resides in Lakewood, New Jersey.

5. Defendant UNITED AIRLINES, INC. ("United") is a foreign corporation duly authorized to conduct business in the State of New Jersey.

6. Defendant UNITED GROUND EXPRESS, INC. ("UGE") is a foreign corporation duly authorized to conduct business in the State of New Jersey.

7. Although the true identity of same is unknown at this time, upon information and belief, Defendant JOHN DOE CORPORATION is a foreign corporation duly authorized to conduct business in the State of New Jersey.

8. Defendant United was and is a common carrier engaged in the business of transporting passengers for hire by air.

9. In furtherance of said business, defendant United operates regularly scheduled commercial airline flights to and from the State of New Jersey, including Newark Liberty International Airport (EWR).

10. On or about February 14, 2021, Defendant United owned, operated, supervised, maintained or otherwise controlled the airport terminal known as "Terminal C" at Newark Liberty International Airport (EWR) ("Terminal C").

11. In or about February 2021, at the time of the events complained of herein, Defendant UGE was a contractor responsible for providing aviation ground support services and logistics to and on behalf of United passengers at Newark Liberty International Airport (EWR).

12. Pursuant to a contract, in or about February 2021, Defendant UGE performed *inter alia*, "wheelchair services", "Skycap services", or "passenger services," which encompass the transportation and safe movement of airline passengers with restrictions or limitations on mobility within Newark Liberty International Airport, including to and from said passengers' departing and arriving flights.

13. As part of said services, Defendant UGE operates motorized transport carts, similar

to electric golf carts, for the movement of certain passengers within Terminal C.

14. On February 14, 2021, Defendant United was the operator of United Airlines Flight 1180 from Newark Liberty International Airport (EWR) to Chicago, IL (ORD) ("the subject flight").

15. Plaintiff was ticketed as a revenue-paying passenger aboard the subject flight.

16. The subject flight was scheduled to depart from Terminal C.

17. On February 14, 2021, Plaintiff was walking and preparing to board the subject flight in Terminal C.

18. On February 14, 2021, Plaintiff was struck by a motorized passenger transport cart ("the collision").

19. On February 14, 2021, Plaintiff was injured as a result of the collision.

20. The collision took place within the secure zone of Terminal C, i.e. that portion of the terminal beyond the TSA security check point where screened passengers are transitioning to awaiting flights at designated gates.

21. At the time of the collision, the motorized passenger transport cart which struck Plaintiff was under the custody, care and/or control of an employee, agent and/or servant of the defendant UGE.

22. Pleaded in the alternative and without prejudice to anything pleaded herein to the contrary, at the time of the collision, the motorized passenger transport cart which struck Plaintiff was under the custody, care and/or control of an employee, agent and/or servant of defendant United and/or JOHN DOE CORPORATION.

**FIRST CAUSE OF ACTION AGAINST UNITED**

23. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24. At the aforesaid time and place, Plaintiff was a revenue-paying passenger and customer of Defendant United.

25. Defendant United is a common carrier of passengers by air to various points domestically and internationally.

26. As a common carrier of passengers, Defendant United owes a heightened duty of care to its passengers, which is non-delegable.

27. On or about February 14, 2021, and for some time prior to and thereafter, United, its agents, employees, servants, and/or contractors, operated Terminal C.

28. On or about February 14, 2021, and for some time prior to and thereafter, United, its agents, employees, servants, and/or contractors, maintained Terminal C.

29. On or about February 14, 2021, and for some time prior to and thereafter, United, its agents, employees, servants, and/or contractors, serviced Terminal C.

30. On or about February 14, 2021, and for some time prior to and thereafter, United, its agents, employees, servants, and/or contractors, supervised Terminal C.

31. On or about February 14, 2021, and for some time prior to and thereafter, United, its agents, employees, servants, and/or contractors, controlled Terminal C.

32. On or about February 14, 2021, United, its agents, employees, servants, and/or contractors, controlled both the foot traffic and the operation of motorized passenger transport carts within Terminal C, including but not limited to promulgating certain safety rules, practices and procedures to insure that said motorized carts do not pose a risk of harm to pedestrian passengers.

33. On or about February 14, 2021, and for some time prior thereto, United, its agents, employees, servants, and/or contractors negligently, carelessly, and/or recklessly failed to properly control the operation of motorized passenger transport so as to avoid or prevent said from causing harm to its ticketed passengers, including Plaintiff.

34. On or about February 14, 2021, and for some time prior to, United, its agents, employees, servants, and/or contractors negligently, carelessly, and/or recklessly failed to warn pedestrians and ticketed passengers within Terminal C in general and the Plaintiff in particular, of the presence of dangers of motorized passenger transport carts.

35. Said failure to warn includes but is not limited to sounding an audible warning, using proper lighting, or making proper announcements to bring awareness to the presence of said carts in the surrounding area.

36. As a result of the negligence, carelessness, and/or recklessness of United, its agents, employees, servants, and/or contractors, Plaintiff was struck by the aforesaid motorized passenger transport cart.

37. As a result of the collision, Plaintiff was injured.

38. As a result of the collision, Plaintiff was seriously injured.

39. As a result of the collision, Plaintiff was permanently injured.

40. As a result of the collision, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

41. As a result of the collision, Plaintiff suffered economic loss and, in the future, shall continue to suffer from same.

42. As a result of the collision, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

43. As a result of the collision, Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

44. As a result of the foregoing, United is liable to pay full, fair and reasonable damages to Plaintiff.

## SECOND CAUSE OF ACTION AGAINST UGE

45. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46. On or about February 14, 2021, Defendant UGE and/or United employed one or more employees to operate motorized passenger transport carts in or within Terminal C.

47. On or about February 14, 2021, non-party Samia Abdou was Defendant UGE and/or United's employee.

48. On or about February 14, 2021, non-party Samia Abdou was Defendant UGE and/or United's servant.

49. On or about February 14, 2021, non-party Samia Abdou was Defendant UGE and/or United's agent.

50. On or about February 14, 2021, non-party Samia Abdou was Defendant UGE and/or United's contractor.

51. On or about February 14, 2021, non-party Samia Abdou operated a motorized passenger transport cart within Terminal C.

52. On or about February 14, 2021, non-party Samia Abdou operated a motorized passenger transport cart with the permission and consent of Defendant UGE and/or United, and within the scope of her employment, agency, or contractual relationship with UGE and/or United.

53. On or about February 14, 2021, non-party Samia Abdou negligently, carelessly, and/or recklessly operated a motorized passenger transport cart within Terminal C resulting in said cart striking the Plaintiff.

54. On or about February 14, 2021, the aforesaid motorized passenger transport cart collided with Plaintiff as a result of the negligence, carelessness, and/or recklessness of Defendant UGE and/or United, their employees, servants, agents, and/or contractors.

55. As a result of the collision, Plaintiff was injured.

56. As a result of the collision, Plaintiff was seriously injured.

57. As a result of the collision, Plaintiff was permanently injured.

58. As a result of the collision, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

59. As a result of the collision, Plaintiff suffered economic loss and, in the future, shall continue to suffer from same.

60. As a result of the collision, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

61. As a result of the collision, Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

62. As a result of the foregoing, UGE and United are liable to pay full, fair and reasonable damages to Plaintiff.

## THIRD CAUSE OF ACTION

63. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

64. Defendants UGE and/or United had a duty to hire and retain employees, agents, and/or servants who were suitable, competent, qualified, experienced, trained and sufficiently diligent to safely operate motorized passenger transport carts within Terminal C.

65. Defendants UGE and/or United had a duty to ensure that their motorized passenger transport carts were entrusted for use only to drivers who were fit, properly trained, and instructed.

66. Defendants UGE and/or United had a duty to ensure that drivers who constituted a potential hazard or danger to ticketed passengers or other individuals lawfully in Terminal C or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics contraindicated to safely operate such motorized passenger transport carts, not be employed retained or otherwise permitted to operate motorized passenger transport carts.

67. Defendants UGE and/or United had actual and/or constructive notice of non-party Samia Abdou's lack of fitness to operate a motorized passenger transport cart.

68. By reason of the negligence of Defendants UGE and/or United in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was injured.

69. By reason of the negligence of Defendants UGE and/or United in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was seriously injured.

70. By reason of the negligence of Defendants UGE and/or United in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was permanently injured.

71. By reason of the negligence of Defendants UGE and/or United in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

72. By reason of the negligence of Defendants UGE and/or United in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

73. By reason of the negligence of Defendants UGE and/or United in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

74. As a result of the foregoing, UGE and United are liable to pay full, fair and reasonable damages to Plaintiff.

## FOURTH CAUSE OF ACTION

75. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

76. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about February 14, 2021, Defendant JOHN DOE CORPORATION employed one or more employees to operate motorized passenger transport carts in or within Terminal C.

77. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about February 14, 2021, non-party Samia Abdou was Defendant JOHN DOE CORPORATION's employee.

78. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about February 14, 2021, non-party Samia Abdou was Defendant JOHN DOE CORPORATION's servant.

79. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about February 14, 2021, non-party Samia Abdou was Defendant JOHN DOE CORPORATION's agent.

80. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about February 14, 2021, non-party Samia Abdou was Defendant JOHN DOE CORPORATION's contractor.

81. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about February 14, 2021, non-party Samia Abdou operated a motorized passenger transport cart in or within Terminal C.

82. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about February 14, 2021, non-party Samia Abdou operated a motorized passenger transport cart with the permission and consent of Defendant JOHN DOE CORPORATION, and within the scope of her employment, agency, or contractual relationship with JOHN DOE CORPORATION.

83. On or about February 14, 2021, non-party Samia Abdou negligently, carelessly, and/or recklessly operated a motorized passenger transport cart in or within Terminal C.

84. On or about February 14, 2021, the aforesaid motorized passenger transport cart operated by Samia Abdou collided with Plaintiff.

85. On or about February 14, 2021, the aforesaid motorized passenger transport cart collided with Plaintiff as a result of the negligence, carelessness, and/or recklessness of Defendant JOHN DOE CORPORATION, its employees, servants, agents, and/or contractors.

86. As a result of the collision, Plaintiff was injured.

87. As a result of the collision, Plaintiff was seriously injured.

88. As a result of the collision, Plaintiff was permanently injured.

89. As a result of the collision, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

90. As a result of the collision, Plaintiff suffered economic loss and in the future shall continue to suffer from same.

91. As a result of the collision, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

92. As a result of the collision, Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

93. As a result of the foregoing, JOHN DOE CORPORATION is liable to pay full, fair and reasonable damages to Plaintiff.

**FIFTH CAUSE OF ACTION**

94. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

95. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, Defendant JOHN DOE CORPORATION had a duty to hire and retain its employees, agents, servants, suitable, competent qualified, experienced, trained, diligent, and adequate drivers to operate its motorized passenger transport carts.

96. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, Defendant JOHN DOE CORPORATION had a duty to ensure that its motorized passenger transport carts were entrusted for use only to drivers who were fit, properly trained, and instructed.

97. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, Defendant JOHN DOE CORPORATION had a duty to ensure that drivers who constituted a potential hazard or danger to ticketed passengers or other individuals lawfully in Terminal C or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics contraindicated to safely operate such motorized passenger transport carts, not be employed retained or otherwise permitted to operate motorized passenger transport carts.

98. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, Defendant JOHN DOE CORPORATION had actual and/or constructive notice of non-party Samia Abdou's lack of fitness to operate a motorized passenger transport cart.

99. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, by reason of the negligence of Defendant JOHN DOE CORPORATION in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was injured.

100. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, by reason of the negligence of Defendant JOHN DOE CORPORATION in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was seriously injured.

101. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, by reason of the negligence of Defendant JOHN DOE CORPORATION in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was permanently injured.

102. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, by reason of the negligence of Defendant JOHN DOE CORPORATION in the hiring and

retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff suffered great pain, agony, and mental anguish, and in the future shall continue to suffer from same.

103. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, by reason of the negligence of Defendant JOHN DOE CORPORATION in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

104. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, by reason of the negligence of Defendant JOHN DOE CORPORATION in the hiring and retention of, and entrustment of its motorized passenger transport cart to Samia Abdou, Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

105. As a result of the foregoing, JOHN DOE CORPORATION is liable to pay full, fair and reasonable damages to Plaintiff.

**WHEREFORE**, RAPHAEL ZUCKER, demands judgment against Defendants in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

Dated: New York, New York
      February 13, 2023

Yours, etc.
BOHRER & LUKEMAN

_____
Abram I. Bohrer, Esq. (AB 4336)
David A. Zeitzoff, Esq. (DZ 9036)
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: February 13, 2023

BOHRER & LUKEMAN

_____
Abram I. Bohrer, Esq. (AB4336)

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

Dated: February 13, 2023

BOHRER & LUKEMAN

_____
Abram I. Bohrer, Esq. (AB4336)

**DESIGNATION OF TRIAL COUNSEL**

Abram I. Bohrer is hereby designated as trial counsel in this matter.

Dated: February 13, 2023

BOHRER & LUKEMAN

_____
Abram I. Bohrer, Esq. (AB4336)