# BOHRER & LUKEMAN, PLLC

COUNSELLORS AT LAW
5 Columbus Circle
Suite 1501
New York, NY  10019
OFFICE (212) 406-4232
TELEFAX (212) 202-4440

MEMBERS NY AND NJ BAR                    www.flightinjury.com                    NEW JERSEY OFFICE
354 Eisenhower Pkwy
Abram I. Bohrer, Esq.                                                                                          Plaza 1, Second Floor
abe@flightinjury.com                                                                                            Livingston, NJ 07039
--------------------------
David A. Zeitzoff, Esq.
david@flightinjury.com

March 15, 2024

**<u>Via ECF Filing:</u>**
The Honorable James B. Clark III, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street, MLK 2A
Newark, New Jersey 07102

      Re: *Zucker v. United Airlines, Inc., et al.*
         Index No.: 2:23-cv-00834

Dear Judge Clark:

  The undersigned represents Plaintiff Raphael Zucker ("Plaintiff") in the above-referenced personal injury action.  A telephonic conference is presently set for March 18, 2024 at 11:00 a.m. In advance thereof, allow this correspondence to serve as a brief joint status update and Plaintiff's request to conduct limited fact discovery past the upcoming deadline.

  By way of brief background, this action arises from an incident at Newark Liberty International Airport (EWR) on February 14, 2021.  Plaintiff, a fare-paying United Airlines passenger, alleges that he was struck and seriously injured by a motorized transport cart while walking through EWR's Terminal C.  Defendants dispute both that Plaintiff was struck by the subject cart and that any damages Plaintiff claims to have suffered are related to the alleged incident.

  To date, the parties have exchanged extensive written discovery.  Plaintiff has appeared for his deposition and the defense medical examination.  United Ground Express, Inc. ("UGE") produced the driver of the subject cart, Samia Abdou, and a Rule 30(b)(6) witness.  The parties also deposed non-party witness Luis Feliu.

  UGE's Rule 30(b)(6) witness possessed limited knowledge regarding the location of surveillance cameras in the terminal and the preservation of surveillance recordings, a key element of Plaintiff's claim.  On March 7, 2024, Plaintiff noticed a Rule 30(b)(6) deposition of United Airlines, Inc. ("United"), which identified 10 different topic areas for

Hon. James B. Clark III, U.S.M.J.
March 15, 2024
Page 2

testimony. Plaintiff subsequently amended its 30(b)(6) deposition at approximately 5:00 p.m. on March 14, 2024 to add an additional 4 topic areas for potential testimony.

United Airlines has multiple objections to the identified topic areas in the 30(b)(6) deposition notice and the amended notice, which are far broader than just the location of surveillance cameras in the terminal and the preservation of surveillance recordings, and which will all be the subject of a forthcoming meet and confer.

With respect to those topic areas involving video surveillance specifically, however, United Airlines previously advised Plaintiff, most recently in a January 5, 2024 letter, that information about video surveillance is classified as Security Sensitive Information (SSI), pursuant to an Exclusive Area Agreement with the TSA and the Port Authority, all pursuant to an Airport Security Program. Because of its classification status, United Airlines is not permitted to release either its policy or surveillance footage (assuming it ever existed) or information relating to the location of security and surveillance cameras without authorization from the TSA and the Port Authority. United Airlines did, however, advise Plaintiff that absent a specific request that it be preserved, United Airlines retains Terminal C surveillance video for 30 days, consistent with the aforesaid Exclusive Area Agreement between United Airlines, the TSA, and Port Authority. United Airlines did not receive a timely preservation request and thus no video exists. Even setting aside this issue, United Airlines disputes that the location of surveillance cameras and the preservation of records are relevant to the Plaintiff's claims. Mr. Zucker, Ms. Abdou (the cart driver), and Mr. Feliu (the non-party witness) can all provide testimony as to what they believe happened. In view of the foregoing, United Airlines objects, at a minimum, to producing a witness with respect to any request for the positioning of surveillance equipment, policies relating to the retention of surveillance footage, or any similar surveillance-related subject matter.

Plaintiff notes that the subject incident occurred in an area of Terminal C well beyond the TSA security checkpoint, adjacent to restaurants and shops, and open to members of the public. In our previous experience handling airport terminal injury matters, surveillance video not taken from a TSA secure checkpoint is not under the jurisdiction of TSA, and can be released at the discretion of its owner. Thus, Plaintiff contends it does not fall under SSI, and has routinely been produced.

Here, Plaintiff notified United within minutes of the subject incident that he was struck by a motorized cart, which would arguably trigger United's policy (if any) to search for and preserve any surveillance video. Plaintiff is thus entitled to know whether: a) there was a video recording of the incident, b) whether United retained surveillance video of the subject incident; or c) what steps United took to determine if there was a video and preserve same.

As stated, United is preparing a response and objections to any remaining topics in the Plaintiff's 30(b)(6) notice and the amended notice. The parties will confer regarding the appropriate topics for the deposition and anticipate completing same within the next 30

Hon. James B. Clark III, U.S.M.J.
March 15, 2024
Page 3

days. Separately, United Ground Express will produce a list of passengers whose boarding passes were scanned by Ms. Abdou from 3:00 p.m. to 6:00 p.m. on the date of the incident.

The parties therefore respectfully request that the Court permit the parties to conduct the aforementioned discovery. We do not foresee the need to disturb any other deadlines.

Your Honor's courtesies in this matter are greatly appreciated.

Respectfully Submitted,
BOHRER & LUKEMAN, PLLC

_____
Abram I. Bohrer, Esq.
David A. Zeitzoff, Esq.

**Via ECF Filing:**
cc:    Michael J. Cohen, Esq.